## Janes v. Commonwealth

(Decided January 27, 1915.)

### Appeal from Nelson Circuit Court.

1. Criminal Law—Larceny—Instructions.—On a charge of grand larceny evidence by the prosecuting witness that the defendant had taken from his pocket bills amounting, in his judgment, to at least $45.00, when taken in connection with positive testimony that he had previously on that day placed in that pocket bills and other money aggregating $55.00 or $60.00 and had expended only a small part of it, and that afterwards there was only $2.80 in his pocket, authorized the jury to find that defendant had taken therefrom more than $20.00.

2. Criminal Law—Larceny—Instructions.—An instruction telling the jury that although they might believe the defendant took the money, yet if they further believed that at the time he was so drunk that he did not have any felonious intention to commit larceny, they would find him not guilty of a felony but would find

him guilty of a trespass and fix his punishment at a fine, was not prejudicial to the appellant where the jury found him guilty of a felony, although the latter part of the instruction may have been erroneous.

3. Argument of Counsel—Larceny—Drunkenness.—Argument by the attorneys for the Commonwealth criticising the defense that defendant was so drunk that he could have had no intention of committing larceny, coupled with the explanation from the attorneys that they were not criticising the court's instructions or the law as presented therein, but were merely criticising the defense. offered in· this case, was nothing more than legitimate argument.

NAT W. HALSTEAD and OSSO W. STANLEY for appellant.

JAMES GARNETT, Attorney General, and ROBERT T. CALD-WELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was indicted in the Nelson Circuit Court charged with grand larceny, and upon his trial was found guilty and sentenced to confinement in the penitentiary from one to five years, and from that judgment he prosecutes this appeal.

The evidence for the Commonwealth shows that in September, 1913, Sylvester Metcalf, a farmer living about five miles from Bardstown, came to that town, and having sold a cow for $45.00, and having collected other sums of money amounting to $10.00 or $15.00, placed the same, consisting of bills and silver, in the outside lower left hand pocket of his coat. He proceeded to drink heavily, going from one saloon to another, and doing a good deal of treating. Finally, about the middle of the afternoon, he met appellant in a saloon and they continued to indulge, the evidence showing that appellant also had been drinking heavily throughout the day. They remained together the rest of the afternoon until quite late, when Metcalf's 12-year-old son came to town in a buggy to take him home. It appears that while the two were together during the afternoon that Metcalf, upon more than one occasion, exhibited the money which he had in his outside pocket. When Metcalf and his son finally started home appellant concluded that he would like to go out in that neighborhood with them where he had a relative. He was invited by Metcalf to go and got in the buggy on the side of Metcalf next to the pocket where he had the money, and the boy sat in Met-

calf's lap and did the driving. When they were about three miles from town Metcalf claims that he found appellant's hand in his left outside coat pocket, where the money was, and grabbed hold of it with his own hand and demanded that appellant give back his money, which he then claimed amounted to $45 or $50 in bills; appellant changed the money from the hand next to appellant into his other hand, and then using the hand so relieved of the money he grabbed the reins from the boy's hand and stopped, or almost stopped, the horse, jumped out and started back to Bardstown. Metcalf drove to the home of a neighbor, telephoned the sheriff, who met appellant in the outskirts of Bardstown, arrested him and found concealed in his sock $35.00 in bills. Metcalf when he reached the home of his neighbor for the purpose of telephoning the sheriff had only $2.80 left in his pocket.

The first question made is that the court erred in instructing the jury on the charge of grand larceny because there was no evidence that the amount of money stolen, if any, was more than $20.00. The evidence of Metcalf is that during the day he had in that pocket something like $55 or $60 in all, and that he had spent some portion of it, the exact amount he could not tell, but, to the best of his judgment, it was at least $45 that appellant took out of his pocket. This opinion of the witness, taken in connection with the positive testimony that he had that day cashed a check for $45 and had collected from various persons smaller sums aggregating $10 or $15, and placed the same in that pocket, certainly authorized the jury to find that appellant had taken more than $20.00.

There was a good deal of evidence to the effect that appellant had been very drunk all of that day, and he himself testified that he had no recollection of being in the buggy with Metcalf or of anything which Metcalf said occurred, and that the first thing he remembered since early that afternoon was when he awoke in jail that night. Under this state of case, it is urged that it was error for the lower court to refuse an instruction which appellant offered to the effect that, although the jury might believe that he took the money from Metcalfe, yet, if they further believed that at the time he took it he was so drunk that he did not have the felonious intention of committing larceny, they would find him

not guilty. While the court declined to give this instruction, it gave one embracing this idea, and further instructed the jury that if they so believed they would only find appellant guilty of trespass and fix his punishment at a fine. Whether the latter part of that instruction was correct or not need not be passed upon or inquired into, for the jury having found appellant guilty of a felony, it could not have been prejudicial to appellant to have authorized his conviction for trespass if the jury believed he was at the time so drunk as to have been incapable of having an intention to commit larceny. Under that instruction, if the jury had believed appellant was as drunk as he claimed, it could not have found him guilty of a felony.

It is also urged as ground for reversal that the county attorney and Commonwealth's attorney were guilty of improper argument in the trial of the case.

The county attorney said in substance, referring to the defense of drunkenness, that it was a new patent and that he had never heard of it being used in a case like this before; that a man ought not to be excused from crime because he came to town and got drunk, and at this point the counsel for appellant objected, and the county attorney disavowed any intention of criticising the law, whereupon the court sustained the objection made by appellant's counsel and told the jury that the law as given in the instructions was the whole law of the case; then the county attorney continued his remarks, saying, in substance, that the law referred to criminal intention, and that a man who has lost his sense of right and wrong is not accountable for his acts; in other words, it is insanity. The Commonwealth's attorney also followed this general line of argument in a somewhat different way, and expressly stated he was not criticising the law as given in the instruction but was criticising the defense in this case.

Treating these arguments as a criticism of the defense in this case, and not as a reflection upon the court's instructions, we fail to see how it was anything more than legitimate argument.

We have carefully examined the record and find no error prejudicial to the substantial rights of appellant, and the judgment is affirmed.